UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE CORTEZ CARTER,

       Movant,

                              Case No. 1:05-CV-56

v.

                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                 /

**MEMORANDUM OPINION AND ORDER**
**SUMMARILY DISMISSING § 2255 MOTION**

      This matter comes before the Court on Movant Jermaine Cortez Carter's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

      On June 17, 2002, a jury found Movant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 18, 2002, Petitioner was sentenced to 96 months in prison, three years supervised release, a fine of $1500.00 and a mandatory special assessment of $100.00. Movant's conviction and sentence were affirmed on appeal. *United States v. Carter*, 355 F.3d 920 (6th Cir. 2004).

      Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order

for its summary dismissal.  Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

Movant contends that this Court committed plain error when it assessed a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with another felony offense.  Movant raised this issue on appeal and the Sixth Circuit found no plain error in this Court's finding that Movant possessed the firearm in conjunction with a felony drug offense.  *Carter*, 355 F.3d at 926.  As the Sixth Circuit noted, Movant did not object to the presentence report which detailed Movant's involvement during his possession offense with a drug transaction for which his companion was convicted.  *Id.*

Movant's second contention in his § 2255 motion is that the Court's assessment of the four-level enhancement for possession of a firearm in connection with another felony offense violated his Sixth Amendment right to a jury trial as articulated in *United States v. Booker*, 125 S. Ct. 738 (2005).

The Supreme Court directed that its holding in *Booker* be applied to all cases on direct review.  *Id.* at 769.  "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed."  *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).  Movant's judgment of conviction accordingly became final on or about April 27, 2004.  His case was no longer on direct

review in 2005 when *Booker* was decided.  The general rule is that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal."  *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)).  In *Humphress* the Sixth Circuit determined that the rule announced in *Booker* does not fall within either of the two exceptions to this general rule of nonretroactivity identified in *Teague v. Lane*, 489 U.S. 288.  *Humphress*, 398 F.3d at 862-63.  Because *Booker* does not apply retroactively in collateral proceedings, Movant's *Booker* argument is without merit.

Accordingly, because both of Movant's arguments lack merit,

**IT IS HEREBY ORDERED** that Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, is **SUMMARILY DISMISSED** pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.


Date:     June 24, 2005                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE